UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILLIP BERNARD CARTER,

                      Plaintiff,

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                 Defendant.

CASE NO. C17-5298-RAJ-MAT

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY
APPEAL

Plaintiff Phillip Bernard Carter proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends this matter be AFFIRMED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1963.[1]  He completed high school and previously worked as a painter helper and social services aide.  (AR 149, 326.)

---

[1] Plaintiff's date of birth is redacted back to the year in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files.

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff protectively filed the SSI application at issue in this proceeding on January 29, 2014, alleging disability beginning September 8, 2008.  (*See* AR 116.)  His application was denied at the initial level and on reconsideration.  Plaintiff subsequently amended his alleged onset date to his January 29, 2014 protective filing date.  (AR 116-17, 320).

On September 29, 2015, ALJ David Johnson held a hearing, taking testimony from plaintiff and a vocational expert (VE).  (AR 108-60.)  On November 25, 2015, the ALJ issued a decision finding plaintiff not disabled since January 29, 2014.  (AR 20-36.)[2]

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on February 23, 2017 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date.  At step two, it must

---

[2] As stated in the decision, plaintiff previously applied for disability benefits in 2010, 2013, and 2014.  (*See* AR 20.)  The latter two applications failed because plaintiff lacked insured status for Disability Insurance Benefits.  An ALJ issued a decision in 2012 denying the 2010 application (AR 164-79), the Appeals Council denied review, and plaintiff did not further pursue that claim.  In the decision currently under review, the ALJ found plaintiff's somewhat changed condition rendered a presumption of continuing nondisability inapplicable and the amendment of the alleged onset date to preclude reopening of any prior claim.  (AR 20.)  The ALJ also adopted portions of the 2012 ALJ decision addressing plaintiff's symptom testimony.  (*See* AR 29-30 (including evidence of "copious examples of inconsistencies", symptom magnification, and behavior indicating a desire to limit any evidence demonstrating plaintiff is not disabled, including evidence from treating sources).)

REPORT AND RECOMMENDATION
PAGE - 2

be determined whether a claimant suffers from a severe impairment. The ALJ found the following impairments severe: depressive disorder not otherwise specified; bipolar I with most recent episode unspecified; cervical degenerative disc disease; degenerative and arthritic changes in the acromioclavicular (AC) joint of the right shoulder with partial rotator cuff tear; obesity; hypertension; and moderate persistent asthma with erratic steroid inhaler use. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, subject to the following limitations: lift and/or carry ten pounds frequently and twenty pounds occasionally; sit, stand, and/or walk about six hours each in an eight-hour workday; no more than frequent balancing, stooping, kneeling, crouching, crawling, or climbing any ramps or stairs; no climbing of ladders, ropes, or scaffolds, exposure to hazards, such as open machinery or unprotected heights, or concentrated exposure to extreme cold or pulmonary irritants; no more than occasional overhead reaching with the right, nondominant upper extremity; no more than occasional, superficial interaction with coworkers or the general public; and work that consists of simple, routine tasks. With that assessment, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs,

REPORT AND RECOMMENDATION
PAGE - 3

1   such as work as a small parts assembler, collator, and housekeeping cleaner.

2          This Court's review of the ALJ's decision is limited to whether the decision is in

3   accordance with the law and the findings supported by substantial evidence in the record as a

4   whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d

5   1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported

6   by substantial evidence in the administrative record or is based on legal error.")  Substantial

7   evidence means more than a scintilla, but less than a preponderance; it means such relevant

8   evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v.*

9   *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of

10  which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

11  F.3d 947, 954 (9th Cir. 2002).

12         Plaintiff argues the ALJ erred in rejecting limitations to the use of his right upper extremity

13  opined by examining physician Dr. Beth Liu and that those limitations, considered together with

14  the VE's testimony, demonstrate his entitlement to an award of benefits.  He alternatively requests

15  further administrative proceedings.  The Commissioner argues the ALJ's decision has the support

16  of substantial evidence and should be affirmed.

17                                    Right Shoulder Limitations

18         In a July 2015 report, examining physician Dr. Beth Liu found, *inter alia*, tenderness and

19  decreased range of motion (ROM) in plaintiff's cervical spine and right shoulder, normal ROM in

20  the left shoulder, no tenderness or decreased ROM in wrists bilaterally, normal grip strength

21  bilaterally, and no muscle weakness or atrophy in all extremities.  (AR 578-81.)  Dr. Liu opined

22  plaintiff could "lift or carry up to 20 lbs with his left hand occasionally (he is left handed)[,]" had

23  no limitation in sitting, standing, or walking, could perform most postural activities frequently,

REPORT AND RECOMMENDATION
PAGE - 4

except climbing ladders or scaffolds, which should be avoided due to decreased neck ROM and left shoulder pain, and should not work around unprotected heights or moving mechanic parts. (AR 579.)

The ALJ found Dr. Liu's opinions regarding plaintiff's left upper extremity not consistent with or supported by the evidence, including Dr. Liu's own examination findings of normal left shoulder ROM without tenderness upon palpation, or even subjective complaints of left shoulder issues at the beginning of the examination, and normal grip and lack of weakness or atrophy. (AR 31.) The ALJ gave those opinions little weight. The ALJ also gave little weight to the opinion plaintiff had no sitting, standing, or walking limitations upon finding it not consistent with her examination findings and suggestion plaintiff seek further work-up for cervical issues. The ALJ found Dr. Liu's remaining opinions consistent with and supported by the evidence, including her own examination notes and other collateral treatment notes, and gave them great weight. "For example, Dr. Lui found limitations in postural activities due to decreased range of cervical motion found upon exam." (*Id*.) The ALJ also noted Dr. Lui's opportunity to examine plaintiff and review collateral treatment records.

At hearing, the ALJ proffered two hypotheticals to the VE. The first hypothetical corresponded with the RFC, including, *inter alia*, limitations to light work, which involves lifting no more than twenty pounds at a time and frequent lifting or carrying of objects weighing up to ten pounds, 20 C.F.R. § 416.967(b), and no more than occasional overhead reaching with the right, non-dominant upper extremity. (AR 27, 149-50, 152.) The VE testified an individual with those limitations could perform the jobs identified by the ALJ at step five. (AR 35, 150-51.) In the second hypothetical, the ALJ asked about an individual with the same limitations as in the first hypothetical and added a limitation to work not requiring the individual "to lift or carry, push, or

REPORT AND RECOMMENDATION
PAGE - 5

pull any weight with the right non dominant upper extremity." (AR 151.) The VE testified the additional limitation, considered together with the limitation regarding public contact, would necessitate some level of specific accommodation, and that there would be no real occupational options without occupational/vocational accommodation. (AR 151-52.) The VE also testified the jobs identified required some frequent, bilateral use of arms/hands, including reaching, handling, or fingering. (AR 155-56.)

Plaintiff asserts Dr. Lui "almost certainly identified the wrong upper extremity" in assessing limitations, triggering an obligation on the part of the ALJ to inquire further as to Dr. Liu's intent. (Dkt. 11 at 6.) He agrees with the accuracy of the ALJ's assessment with respect to the left upper extremity and contends his counsel pointed out the error in Dr. Liu's report at hearing. Plaintiff argues the ALJ erred in failing to address significant probative evidence from Dr. Lui, properly understood as assessed limitations related to his right upper extremity; that Dr. Lui's assessment did not allow for lifting and carrying ten pounds frequently; and that, by finding plaintiff had such ability, the ALJ failed to take into account the portion of Dr. Lui's report he purported to give great weight. Plaintiff further argues that, considering the evidence from Dr. Liu and the VE's testimony, he should have been found disabled. The Court, for the reasons set forth below, finds no harmful error established.

At hearing, plaintiff's counsel did not depict Dr. Liu's report as containing an error and, instead, argued as to limitation in both the left and right upper extremities. (AR 119 ("[Dr. Liu] noted that the claimant's left dominant hand is limited to being used only occasionally. The claimant's position is that that's when [sic] both hands are limited in that way for two different reasons and she agrees with Dr. Liu's limitation to occasional use of the left dominant hand to occasional based on his cervical spine condition and that his limitations to the right handed arm

are due to the right shoulder condition, which is noted in her report that she has."))  Similarly, in responding to a question regarding Dr. Liu's assessment of a limitation on the left, plaintiff testified to limitations on both the left and right, and identified Dr. Liu – "the doctor that Social Security sent me to" – as telling him his left arm and hand were affected by his right shoulder impairment. (AR 139-43.)  The ALJ did not, given these circumstances, err in failing to contact Dr. Liu.  *Cf. Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Nor did the ALJ err in considering the evidence from Dr. Liu.  "[T]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  *Accord Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Thomas*, 278 F.3d at 956-57.  The ALJ must support his findings with "specific, cogent reasons." *Reddick*, 157 F.3d at 722.  When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999).

As conceded by plaintiff, the ALJ properly rejected the assignment of a limitation associated with plaintiff's left upper extremity based on inconsistency with the evidence, including plaintiff's reporting to Dr. Liu and Dr. Liu's findings on examination.  The ALJ reasonably rejected Dr. Liu's opinion plaintiff had no limitations in sitting, standing, or walking given her suggestion plaintiff should seek further work-up for cervical issues.  The ALJ also reasonably afforded great weight to Dr. Liu's remaining opinions.  Contrary to plaintiff's suggestion, the only remaining

limitations identified by Dr. Liu regarded postural activities and environmental conditions, opinions the ALJ incorporated into the RFC.  (*See* AR 27, 579.)

Dr. Liu did not identify limitations associated with plaintiff's right upper extremity, both extremities together, the amount of weight plaintiff could frequently lift, or in reaching, handling, or fingering.  Her report negates the need for any limitation in handling or fingering given that she found normal wrist ROM, plaintiff's ability to use his hands to grasp, grip, and manipulate objects, and normal grip strength bilaterally.  (AR 578-79.)  The ALJ accounted for the only lifting limitation Dr. Liu assessed, occasionally lifting up to twenty pounds, and reasonably applied that limitation bilaterally, as opined by nonexamining State agency physician Dr. Guillermo Rubio, the only other medical source to address plaintiff's physical functioning. (AR 222.)  The ALJ also reasonably incorporated into the RFC Dr. Rubio's assessment of a limitation to frequently lifting and/or carrying up to ten pounds and no more than occasional overhead reaching with the right, nondominant upper extremity.  (AR 222-23.)[3]  In so doing, the ALJ rendered harmless any possible error in the failure to construe Dr. Liu's report as mistakenly associating the lift/carry and postural limitations with plaintiff's left upper extremity.  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"; the court looks to "the record as a whole to determine whether the

---

[3] Dr. Rubio also found plaintiff unlimited in pushing or pulling other than the lifting and carrying limitations; able to sit, stand, and/or walk about six hours each in an eight-hour workday; limited to no more than frequent climbing of ramps or stairs or more than occasional stooping, kneeling, crouching, crawling, climbing ladders, ropes, or scaffolds; unlimited in the ability to balance; and needing to avoid concentrated exposure to extreme cold, pulmonary irritants, and hazards.  (AR 222-23.)  The ALJ gave little weight to the opinions on postural activities and balancing, finding them not consistent with or supported by the evidence, including Dr. Lui's examination notes.  (AR 31.)  He gave the remainder of Dr. Rubio's opinions great weight, finding them consistent with and supported by the evidence, including Dr. Lui's examination notes and the remainder of the record showing relatively little treatment for physical issues during the time period at issue.  The ALJ noted Dr. Rubio's expertise and opportunity to review the entire longitudinal record at the time he rendered his opinion.

REPORT AND RECOMMENDATION
PAGE - 8

1   error alters the outcome of the case.") (cited sources omitted).  Indeed, in including a reaching

2   limitation, as well as limitations in plaintiff's ability to sit, stand, walk, and additional

3   environmental conditions, the ALJ assessed an RFC *more* restrictive than opined by Dr. Liu.

4    Plaintiff's arguments relating to the VE's testimony also lack merit.  There is no medical

5   opinion supporting the limitations set forth in the second hypothetical proffered to the VE, that is,

6   limitations to no lifting, carrying, pushing, or pulling whatsoever with the right, non-dominant

7   upper extremity. (AR 151.)  Nor is there a medical opinion conflicting with the step five job

8   requirements as described by the VE, that is, a requirement for some degree of bilateral ability

9   (AR 151-52) or more than occasional "use" of the non-dominant upper extremity, and including

10  some frequent use, reaching, handling, or fingering bilaterally (AR 155).  Moreover, in addition to

11  testifying an individual limited to occasional overhead reaching with the right non-dominant upper

12  extremity could perform the jobs identified at step five, the VE specifically addressed reaching

13  and overhead reaching in testifying there was no conflict between his testimony and the Dictionary

14  of Occupational Titles.  (AR 150-51, 153-54.)

15   A hypothetical posed to a VE must include all of the claimant's functional limitations

16  supported by the record.  *Thomas*, 278 F.3d at 956.  A VE's testimony based on an incomplete

17  hypothetical lacks evidentiary value to support a finding that a claimant can perform jobs in the

18  national economy.  *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  In this case, the first

19  hypothetical proffered to the VE corresponds with the RFC adopted by the ALJ and accounts for

20  all of the functional limitations supported by the record.  The ALJ, as such, properly relied on the

21  VE's testimony plaintiff could perform the jobs identified at step five.

22  / / /

23  / / /

REPORT AND RECOMMENDATION
PAGE - 9

## **CONCLUSION**

For the reasons set forth above, this matter should be AFFIRMED.

## **DEADLINE FOR OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 3, 2017**.

DATED this 13th day of October, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 10